UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MARK RICE, d/b/a<br>GAMES TO REMEMBER,<br><br>Plaintiff,<br><br>v.<br><br>PETEDGE, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:12-cv-03748-JEC |

**PETEDGE'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

Defendant PetEdge, Inc. ("PetEdge"), answers the complaint of Mark Rice, d/b/a Games To Remember (the "Complaint") as follows.  Although PetEdge continues to contest the Court's personal jurisdiction over PetEdge and its motion for reconsideration of the Court's order denying PetEdge's motion to dismiss remains pending [Dkt. No. 16], PetEdge is filing its answer in an abundance of caution pursuant to Fed. R. Civ. P. 12(a)(4)(A).  Except as expressly admitted below, PetEdge denies each and every allegation contained in the Complaint of Mark Rice, d/b/a Games To Remember ("Mr. Rice").  Specifically, PetEdge responds as follows:

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must be pleaded as an affirmative defense or that any of the following is not already in issue by virtue of the foregoing denials, and without prejudice to PetEdge's right to plead additional defenses as discovery into the facts of the matter may warrant, PetEdge asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof:

### FIRST AFFIRMATIVE DEFENSE

Mr. Rice's Complaint fails to state a claim against PetEdge upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

PetEdge is not subject to personal jurisdiction in this Court.

### THIRD AFFIRMATIVE DEFENSE

Mr. Rice's claims are barred, in whole or in part, by the doctrine of fair use, nominative fair use, and/or descriptive use.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Rice's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Rice's claims are barred, in whole or in part, by the doctrine of trademark misuse.

## SIXTH AFFIRMATIVE DEFENSE

U.S. Registration No. 2,534,485 issued to Mr. Rice is invalid because the purported mark is descriptive or ornamental and does not function as an indication of source.

## SEVENTH AFFIRMATIVE DEFENSE

Mr. Rice's alleged mark, if valid, is a weak mark in a crowded field and therefore is not likely to be confused with other marks that include the term "FUNKY MONKEYS" if the marks are otherwise different.

## EIGHTH AFFIRMATIVE DEFENSE

There is no likelihood of confusion between U.S. Registration No. 2,534,485 issued to Mr. Rice and PetEdge's ZANIES® Funky Monkeys Dog Toys.

## NINTH AFFIRMATIVE DEFENSE

Mr. Rice's claims for injunctive relief are barred because Mr. Rice cannot show that he will suffer any irreparable harm from PetEdge's actions.

## TENTH AFFIRMATIVE DEFENSE

Mr. Rice suffered no harm or damage as a result of any action or failure to act on the part of PetEdge.

# RESPONSES TO NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT
## INTRODUCTION

1. PetEdge admits that Mr. Rice's claims purport to arise under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*, Georgia common law, and O.C.G.A. §§ 10-1-370 *et seq.* PetEdge, however, denies that Mr. Rice is entitled to any relief.

## PARTIES, JURISDICTION, AND VENUE

2. PetEdge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. PetEdge admits the allegations contained in paragraph 3 of the Complaint.

4. PetEdge admits that Mr. Rice's claims purport to arise under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.* PetEdge, however, denies that Mr. Rice is entitled to any relief.

5. PetEdge denies the allegations contained in paragraph 5 of the Complaint.

6. PetEdge denies the allegations contained in paragraph 6 of the Complaint.

## AS TO THE PLAINTIFF'S FACTUAL ALLEGATIONS

7. PetEdge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. PetEdge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. PetEdge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. PetEdge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11. PetEdge admits that U.S. Registration No. 2,534,485 for "FUNKY MONKEYS" in connection with a "board game" was issued on January 29, 2002, by the United States Patent and Trademark Office ("USPTO"). Except as expressly admitted, PetEdge lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 12 of the Complaint.

13. PetEdge denies the allegations contained in paragraph 13 of the Complaint.

14. PetEdge denies the allegations contained in paragraph 14 of the Complaint.

15. PetEdge denies the allegations contained in paragraph 15 of the Complaint.

16. PetEdge admits that it began to manufacture and sell its ZANIES® Funky Monkeys Dog Toys in February 2011. Except as expressly admitted, PetEdge denies the remainder of the allegations in paragraph 16 of the Complaint.

17. PetEdge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies the same.

18. PetEdge admits that its ZANIES® Funky Monkeys Dog Toys are available for purchase on its website, www.petedge.com. PetEdge denies that it sells its ZANIES® Funky Monkeys Dog Toys in Georgia. Rather, all sales are made from Massachusetts and PetEdge does not specifically target Georgia. Further, any sales to Georgia have been *de minimis*.

19. PetEdge denies the allegations contained in paragraph 19 of the Complaint.

20. PetEdge denies the allegations contained in paragraph 20 of the Complaint.

## AS TO COUNT NO. 1
### (Federal Trademark Infringement)

21. PetEdge incorporates by reference each and every response to paragraphs 1 through 20 above, as though set forth herein at length.

22. PetEdge denies the allegations contained in paragraph 22 of the Complaint.

23. PetEdge denies the allegations contained in paragraph 23 of the Complaint.

24. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 24 of the Complaint.

25. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 25 of the Complaint.

26. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 26 of the Complaint.

## AS TO COUNT NO. 2
### (Federal Unfair Competition)

27. PetEdge incorporates by reference each and every response to paragraphs 1 through 26 above, as though set forth herein at length.

28. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 28 of the Complaint.

29. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 29 of the Complaint.

## AS TO COUNT NO. 3
### (Georgia Common Law Unfair Competition)

30. PetEdge incorporates by reference each and every response to paragraphs 1 through 29 above, as though set forth herein at length.

31. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 31 of the Complaint.

32. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 32 of the Complaint.

33. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 33 of the Complaint.

## AS TO COUNT NO. 4
### (Unfair and Deceptive Trade Practices (O.G.C.A. § 10-1-370))

34. PetEdge incorporates by reference each and every response to paragraphs 1 through 33 above, as though set forth herein at length.

35. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 35 of the Complaint.

36. PetEdge admits that it has no business association with Mr. Rice. Except as expressly admitted, PetEdge denies the remainder of the allegations in paragraph 36 of the Complaint.

37. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 37 of the Complaint.

38. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 38 of the Complaint.

39. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 39 of the Complaint.

40. PetEdge states that this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, PetEdge denies the allegations contained in paragraph 40 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

In response to Mr. Rice's prayer for relief, PetEdge denies that Mr. Rice is entitled to any relief whatsoever and requests that the Court enter judgment in PetEdge's factor on all counts and award PetEdge its reasonable costs and attorneys' fees and any further relief as the Court may determine appropriate.

## COUNTERCLAIM

Counterclaim Plaintiff PetEdge, Inc. ("PetEdge") for its Counterclaim against Counterclaim Defendant Mark Rice, d/b/a Games To Remember ("Mr. Rice") alleges as follows:

## PARTIES

1. PetEdge is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business at 100 Cummings Center, Beverly, Massachusetts, 01915.

2. PetEdge is in the business of designing, sourcing, manufacturing, and distributing pet-related merchandise.

3. Upon information and belief, Mr. Rice, d/b/a Games To Remember is an individual citizen and resident of the State of Georgia. Upon information and belief, Mr. Rice manufactures and sells games for children and adults, including a "FUNKY MONKEYS" board game for children ages 4- to 10-years-old, and sells such products in this judicial district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action involves claims arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

5. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction.

6. This Court has personal jurisdiction over Mr. Rice because, upon information and belief: (1) Mr. Rice is an individual citizen and resident of this

judicial district; (2) Mr. Rice sells products within this judicial district; and (3) Mr. Rice has filed suit against PetEdge in the immediate action.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)-(d).

## BACKGROUND

8. Upon information and belief, Mr. Rice claims to own the entire right, title, and interest in and to U.S. Registration No. 2,534,485 for "FUNKY MONKEYS" in connection with "board game" (the "FUNKY MONKEYS Mark").

9. On or about October 26, 2012, Mr. Rice filed the Complaint against PetEdge alleging that PetEdge infringes the FUNKY MONKEYS Mark.

10. In his Complaint, Mr. Rice alleges that PetEdge's ZANIES® Funky Monkey Dog Toys, which are stuffed dog toys in the shape of fanciful, brightly colored cartoon monkeys that PetEdge sells under its ZANIES® brand name, infringe the FUNKY MONKEYS Mark.

11. Accordingly, there is an actual, substantial and continuing justiciable case and controversy between PetEdge and Mr. Rice regarding the FUNKY MONKEYS Mark, over which this Court can and should exercise jurisdiction, and declare the rights of the parties.

12. PetEdge is therefore entitled to bring and maintain these counterclaims for declaratory judgment pursuant to 28 U.S.C. § 2201.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

13. PetEdge incorporates the allegations of paragraphs 1-12, as though set forth herein at length.

14. PetEdge does not violate or infringe any of Mr. Rice's rights in the FUNKY MONKEYS Mark through PetEdge's sales of its ZANIES® Funky Monkey Dog Toys.

15. As a result of the filing of this action, an actual controversy now exists between Mr. Rice and PetEdge regarding the alleged infringement by PetEdge of the FUNKY MONKEYS Mark.

16. PetEdge is therefore entitled to a declaratory judgment that it has not and is not infringing the FUNKY MONKEYS Mark.

## PRAYER FOR RELIEF

WHEREFORE, PetEdge respectfully requests that the Court enter judgment against Mr. Rice to include:

A.	The dismissal of Mr. Rice's Complaint, with prejudice, and denial of Mr. Rice's requested relief in the Complaint and any relief whatsoever.

B.	That PetEdge does not infringe FUNKY MONKEYS Mark.

C.	An order prohibiting Mr. Rice and those acting on its behalf from asserting or threatening to assert infringement of the FUNKY MONKEYS Mark against PetEdge or any of its agents, employees, representatives, strategic business partners, distributors, contractors, customers, advisors, and investors.

D.	That PetEdge has prevailed against Mr. Rice on all of PetEdge's Counterclaims.

E.	Such other such relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PetEdge hereby requests a jury trial on all issues so triable.

This 9th day of October, 2013.


Respectfully submitted,

**PETEDGE, INC.**

By: /s/ Marlo Orlin Leach

        Marlo Orlin Leach (GA Bar No. 442216)
        Gonzalez Saggio & Harlan, LLP
        3353 Peachtree Road, N.E. – North Tower
        Suite 920
        Atlanta, Georgia  30326
        Tel: (404) 869-1545
        Fax: (404) 842-1722
        Email: Marlo_Leach@gshllp.com

        Erik Paul Belt (*admitted pro hac vice*)
        Bonnie A. Vanzler (*admitted pro hac vice*)
        McCarter & English LLP
        265 Franklin Street
        Boston, MA 02110
        Tel: (617) 449-6500
        Fax: (617) 607-9200
        Email: ebelt@mccarter.com
        Email: bvanzler@mccarter.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October 2013, a copy of the foregoing was served by first class mail, postage pre-paid and by electronic mail on the following:

>Mark Rice
>Games To Remember
>2500 Tails Creek Road
>Ellijay, Georgia  30540
>mrice@games2remember.com

>/s/ *Bonnie A. Vanzler*
>Bonnie A. Vanzler (*admitted pro hac vice*)
>Mass. Bar No.: 672515
>McCarter & English LLP
>265 Franklin Street
>Boston, MA 02110
>Tel: (617) 449-6500
>Fax: (617) 607-9200